UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-80182-CIV-MARRA

TOWN OF GULF STREAM, a municipality organized
and existing under the laws of Florida on its own
behalf and on behalf of those municipalities similarly
situated, and WANTMAN GROUP, INC., a domestic
company on its own behalf and on behalf of those
companies similarly situated,

        Plaintiffs,

vs.

MARTIN E. O'BOYLE, an individual, CHRISTOPHER
O'HARE, an individual, WILLIAM RING, an
individual, JONATHAN R. O'BOYLE, an individual, DENISE
DEMARTINI, an individual, GIOVANI MESA, an individual,
NICKLAUS TAYLOR, an individual, RYAN WITMER, an
individual, AIRLINE HIGHWAY, LLC, COMMERCE GP, INC.,
CG ACQUISITION CO., INC., CRO AVIATION, INC., ASSET
ENHANCEMENT, INC., COMMERCE REALTY GROUP, INC.,
PUBLIC AWARENESS INSTITUTE, INC., CITIZENS
AWARENESS FOUNDATION, INC., OUR PUBLIC RECORDS,
LLC, STOPDIRTYGOVERNMENT, LLC, COMMERCE
GROUP, INC., and THE O'BOYLE LAW FIRM, P.C., INC.,

        Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendants Martin E. O'Boyle, Airline Highway,

LLC, Commerce GP, Inc., CG Acquisition Co., Inc., CRO Aviation, Inc., Asset Enhancement,

Inc., Commerce Realty Group, Inc., and Commerce Group, Inc.'s Motion to Dismiss Class

Action Complaint [DE 10]; Defendants Giovanni Mesa, Nicklaus Taylor, and Ryan Witmer's

1

Motion to Dismiss Plaintiff's Class Action Complaint [DE 9]; Defendants Denise DeMartini, Citizens Awareness Foundation, Inc., Our Public Records, LLC, Stop Dirty Government, LLC, and Public Awareness Institute's Notice of Joinder in Motions to Dismiss Class Action Complaint [DE 12]; Defendants William Ring, Jonathan O'Boyle, and The O'Boyle Law Firm, P.C., Inc.'s Notice of Joinder and Motion to Dismiss Class Action Complaint [DE 13]; Defendant Christopher O'Hare's Notice of Joinder to Motions to Dismiss and Supplemental Motion to Dismiss Class Action Complaint [DE 17]. All motions are ripe for the Court's consideration. The Court has reviewed all papers filed in connection with these motions; the entire file; and is otherwise duly advised in the premises.

### A.  Legal Standard

With respect to a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes first that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has held that "[w]hile a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'". *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

### B. Background Facts

When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The Complaint alleges violations by Defendants of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(a) and (c) [DE 1 at 31]. The basis for Plaintiffs' claim is the alleged filing of large numbers of frivolous public records requests, which are often intentionally inconspicuous, followed by the commencement of lawsuits when the requests are not addressed. Plaintiffs allege that Defendants then use the mails and wires to extort their victims by demanding settlements, including attorneys' fees and costs as provided by the public records statute, or face protracted litigation and a flurry of additional frivolous public records requests and lawsuits. [DE 1 at 2]. Specifically, Plaintiffs assert that:

> [T]his bogus public records request was an essential first-step of the RICO Enterprises' scheme to defraud and extort money from the class members----it was nothing more than bait, a records request for documents that the RICO Enterprise had no intention of reviewing, and instead, intended to be overlooked or missed by the receiving class member so as to trigger the next step in the RICO Enterprises' scheme.
>
> After the bogus records request was sent and hopefully overlooked, the RICO Enterprise would then use the mail and the wires to: (i) demand a settlement of the records request in excess of the actual attorneys' fees

3

> and costs incurred by the Defendants; or (ii) file a frivolous lawsuit against the recipient of the bogus records request followed by the demand for settlement.
>
> *          *          *
>
> It is this threat of prevailing party attorneys' fees that is the nucleus around which the Defendants created their scheme to defraud and extort, and organized their RICO Enterprise to carry out that scheme.

[DE 1 at ¶¶ 37, 38, 52].

### C.  Discussion

Accepting the allegations in the Complaint as true for purposes of the motions pending before the Court, Plaintiffs certainly find themselves in a very difficult situation.  In particular, the Town of Gulf Stream, a small town of 974 residents and 17 full time employees, has been inundated with public records requests by Defendants.  The issue before the Court, however, is limited to whether Defendants' acts, as alleged by Plaintiffs, violate RICO.  For the reasons set forth below, the Court finds that they do not.

**1.     Threatening to Sue or Actually Suing Someone Does Not Constitute a Predicate Act Under RICO.**

In order for a Plaintiff to survive a motion to dismiss a civil RICO case,

> a plaintiff must show a "pattern of racketeering activity" by alleging that the defendants committed two qualifying predicate acts.  *Republic of Panama v. BCCI Holdings*, 119 F.3d 935, 948-49 (11th Cir. 1997).  This requires that a plaintiff allege facts that support each statutory element of a violation of one of the state or federal laws described in 18 U.S. C. § 1961(1).

*Raney v. Allstate Ins. Co.*, 370 F.3d 1086,1087 (11th Cir. 2004).

The Court finds the Eleventh Circuit decision in *Raney* to be dispositive of the issue

before the Court.  In *Raney*, the Court held that the filing of a lawsuit, even if done maliciously, cannot form a predicate act under RICO.

In *Raney*, the RICO claim depended upon the Plaintiff's ability to show a violation of the Hobbs Act, which bars interference in interstate commerce by means of extortion.  *See* 18 U.S.C. § 1951.  The Eleventh Circuit noted that all of Raney's allegations of mail fraud and extortion related to "the alleged conspiracy to extort money through the filing of malicious lawsuits." 370 F.3d at 1088.  The *Raney* Court noted that this argument was foreclosed by the Eleventh Circuit's decision in *United States v. Pendergraft,* 297 F.3d 1198 (11th Cir. 2002), where the Court "held that neither the threat to litigate nor the fabrication of evidence behind the lawsuit made the action 'wrongful' within the meaning of 18 U.S.C. § 1951 and therefore could not be a predicate act under RICO."  *Id.*

The *Raney* Court made it clear that *Pendergraft* did not only apply to threats of litigation, but applied with equal force to actual litigation.

> We noted [in *Pendergraft*] that courts possess adequate procedures to distinguish valid claims from invalid claims and held that Congress did not intend to punish citizens merely for accessing the legal system. . . We found ourselves "troubled by *any* use of this federal criminal statute to punish civil litigants." . . . We noted that "allowing litigants to be charged with extortion would open yet another collateral way for litigants to attack one another." . . .We also expressed concern about transforming every state-law malicious prosecution action into a federal crime. . . .All of these concerns apply to actual litigation with added force.

370 F.3d at 1088 (citations omitted).

The instant case is indistinguishable from *Raney*.  Plaintiffs' allegations that Defendants committed the "predicate crimes" of mail fraud under 18 U.S.C. §1341, wire fraud under 18

U.S.C. § 1343, and extortion under 18 U.S.C. § 1951, are ultimately dependent upon the threat of filing lawsuits or the actual filing of lawsuits in order to extort prevailing party costs and attorneys' fees.  While the filing of allegedly fraudulent public records requests "was an essential first-step of the RICO Enterprises' scheme," "[i]t is the threat of prevailing party attorney's fees that is the nucleus around which the Defendants created their scheme to defraud and extort, and organized their RICO Enterprise to carry out that scheme." [DE 1 at ¶¶37, 52].

Plaintiffs' attempts to distinguish *Raney* are unavailing.  They argue that courts have

> determined that when a RICO defendant sues or threatens to sue as part of an overriding scheme or plan to extort money that it otherwise has no right to, and the suit threatened or brought has no relation to the dispute in which the threat was made (i.e. resolution of the threatened litigation could not resolve the dispute in which the threat is made), such a threat does constitute the predicate act of extortion for purposes of RICO.

DE 34 at 8.  The cases cited by Plaintiffs, however, are all factually inapposite and from other districts.  This Court is bound to follow *Raney*.  In their analysis, Plaintiffs ignore that *Raney* specifically addressed malicious lawsuits, finding that they do not constitute predicate acts.

**2. The Filing of Public Record Requests Does Not Constitute a Predicate Act under RICO.**

To the extent Plaintiffs may assert that they are relying on the filing of public record requests, in and of themselves, as predicate acts to support their claims, the Court rejects the legal viability of that claim.  This assertion would be completely inconsistent with Plaintiffs' allegation that the public records requests were merely "an essential first-step" in the scheme to defraud and extort money by threats of and the actual filing of lawsuits. [DE 1 at ¶¶ 37, 38, 52].  Nevertheless, Plaintiffs allege that Defendants:

> used the mail and the wires to send out what is usually an

> inconspicuous and frivolous public records request to the Class Members, often times under the guise of a false non-profit organization, and with a stated or implied purpose of advancing the public's interest in government transparency.

[DE 1 at ¶37].

Plaintiffs further allege that they were damaged due to "additional expenditures by the class members (i.e. hiring additional staff, paying overtime, etc.) to review and respond to the massive volume of bogus records requests". *Id*. at ¶39.

> Section 1961 requires that a RICO plaintiff establish that a defendant could be convicted for violating any of its predicate statutes. . . . 18 U.S.C. § 1961 (defining racketeering activity to include conduct that is "chargeable" or "indictable" and "offenses" that are "punishable" under various criminal statutes).  Therefore, in order to survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts.

*Republic of Panama v. BCCI Holdings*, 119 F.3d 935, 948-49 (11th Cir. 1997).

Defendants could not be convicted for filing the public record requests.  Under Chapter 119 of the Florida Statutes, Defendants had the absolute right under current Florida law to file public record requests and then file lawsuits if the requests went unanswered.  The motive for making a public record request is irrelevant under Florida law.  *See e.g., Microdecisions, Inc. v. Skinner*, 889 So.2d 871, 875 (Fla. 2d DCA 2004).  Furthermore, someone requesting access to or copies of public records may not be required to disclose background information such as a name or address unless the custodian is required by law to obtain the information.  *Chandler v. City of Greenacres*, 140 So.3d 1080, 1084-85 (Fla. 4th DCA 2014).  The request can come from someone anonymously.  *Id*. at 1085.

The validity of the lawsuits Defendants brought is for the Florida state courts to

determine. Essentially, Plaintiffs are complaining that Defendants are abusing the rights set forth in the Florida statutes. To the extent Defendants are abusing the rights afforded them by the Florida public records laws, those abuses must be addressed in the individual lawsuits filed, or through a change in the laws by the Florida Legislature. Defendants' legal use of these statutes does not constitute a predicate act under RICO.

### D. Conclusion

Plaintiffs' failure to plead a predicate act requires the dismissal of their Complaint. Because this is a fundamental prerequisite to a viable RICO claim, the Court does not need to address the other arguments raised by Defendants in support of their motions to dismiss.

Accepting all of the facts set forth in the Complaint as true, the Court finds that it would be futile for Plaintiffs to try to amend their Complaint. The Complaint fails not due to a lack of finesse in pleading; rather, it fails because on the most fundamental level, the entire factual underpinning of Plaintiffs' case cannot, under any circumstances, constitute a RICO violation.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants Martin E. O'Boyle, Airline Highway, LLC, Commerce GP, Inc., CG Acquisition Co., Inc., CRO Aviation, Inc., Asset Enhancement, Inc., Commerce Realty Group, Inc., and Commerce Group, Inc.'s Motion to Dismiss Class Action Complaint [**DE 10**] is **GRANTED**;

2. Defendants Giovanni Mesa, Nicklaus Taylor, and Ryan Witmer's Motion to Dismiss Plaintiff's Class Action Complaint [**DE 9**] is **GRANTED**;

3. Defendants Denise DeMartini, Citizens Awareness Foundation, Inc., Our Public Records, LLC, Stop Dirty Government, LLC, and Public Awareness Institute's

        Notice of Joinder in Motions to Dismiss Class Action Complaint [**DE 12**] is **GRANTED**;

4.     Defendants William Ring, Jonathan O'Boyle, and The O'Boyle Law Firm, P.C., Inc.'s Notice of Joinder and Motion to Dismiss Class Action Complaint [**DE 13**] is **GRANTED**;

5.     Defendant Christopher O'Hare's Notice of Joinder to Motions to Dismiss and Supplemental Motion to Dismiss Class Action Complaint [**DE 17**] is **GRANTED**.

6.     This case is **DISMISSED**.  Each party shall bear its own fees and costs.  The Clerk of this Court shall **CLOSE** this Case.  All pending motions are **DENIED AS MOOT** with each party to bear its own fees and costs.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of June, 2015.

                                                  _____
                                                  KENNETH A. MARRA
                                                  United States District Judge